# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PALLAMARY, individual, <br><br> Plaintiff, <br><br> v. <br><br> ELITE SHOW SERVICES, INC., a California corporation; CITY OF SAN DIEGO, a municipal corporation; OFFICER ZACHARY DIGIOIA, an individual; SERGEANT JENNIFER ATWOOD, an individual; DETECTIVE JULIE ADAMS, an individual; QUALCOMM STADIUM MEDICAL STAFF 1-3, individuals; the CHARGERS FOOTBALL COMPANY, LLC, a California limited liability company; BARBARA JOHNSON, an individual; DANIEL JOHNSON, an individual; and DOES 1 through 30, inclusive, <br><br> Defendants. | Case No.: 17cv2010-WQH-BGS <br><br> **ORDER** |

HAYES, Judge:

1

1    The matters before the Court are the motion to dismiss by Defendants City of San
2    Diego ("Defendant City"), Officer Zachary Digioia, Sergeant Jennifer Atwood, and
3    Detective Julie Adams (collectively, "the City Defendants") (ECF No. 37); the motion to
4    strike (ECF No. 44) and motion to dismiss (ECF No. 45) filed by the Chargers Football
5    Company, LLC ("Defendant Chargers"); and the motion to strike (ECF No. 41) and motion
6    to dismiss (ECF No. 42) filed by Defendants Elite Show Services, Inc. ("Elite"), Barbara
7    Johnson, and Daniel Johnson (collectively, "the Elite Defendants").

8    ## I.    BACKGROUND

9        On December 22, 2017, Plaintiff filed the First Amended Complaint ("FAC"), the
10   operative pleading in this action, against Defendants City of San Diego, Officer Zachary
11   Digioia, Sergeant Jennifer Atwood, Detective Julie Adams, the Chargers Football
12   Company, LLC, Barbara Johnson, Daniel Johnson, Elite Show Services, Inc., Qualcomm
13   Medical Staff 1-3[1], and doe defendants. (ECF No. 32).

14       On January 2, 2018, the City Defendants filed a motion to dismiss. (ECF No. 37).
15   On March 8, 2018, Plaintiff filed a response in opposition. (ECF No. 52). On March 15,
16   2018, the City Defendants filed a reply. (ECF No. 53).

17       On January 5, 2018, the Elite Defendants filed a motion to strike and a motion to
18   dismiss. (ECF Nos. 41, 42). On March 15, 2018, Plaintiff filed responses in opposition.
19   (ECF Nos. 54, 55). On March 22, 2018, the Elite Defendants filed replies. (ECF Nos. 58,
20   59).

21       On January 5, 2018, Defendant Chargers filed a motion to strike and motion to
22   dismiss. (ECF Nos. 44, 45). On March 15, 2018, Plaintiff filed responses in opposition.
23   (ECF Nos. 56, 57). On March 22, 2018, Defendant Chargers filed replies. (ECF Nos. 60,
24   61).

25   ## II.    FACTUAL ALLEGATIONS

---

[1] Defendant Qualcomm Medical Staff 1-3 has not yet appeared in this action and Plaintiff has not filed
any proof of service as to this Defendant.

17cv2010-WQH-BGS

Plaintiff Michael Pallamary is a 63 year-old male with Type II diabetes and numerous other medical conditions and recent surgeries on his legs. (ECF No. 32 at ¶¶ 14–16). On November 6, 2016, Plaintiff attended a Chargers football game with his wife and another couple. *Id.* ¶ 18. At the time, Plaintiff was suffering various mobility impairments and was disabled. *Id.* ¶ 17. Plaintiff's seat during the game was located below a seating area reserved for "persons with mobility impairments." *Id.* ¶ 19.

"During the first half of the Game, Plaintiff experienced extraordinary pain in his left leg and uncontrollable spasms." *Id.* ¶ 20. Assisted by an employee of Elite, Plaintiff "proceeded to the rear wall of the seating marked for persons with mobility [impairments] where he tried to alleviate his pain and stop the spasms." *Id.* ¶ 21. The Elite employee "made no objections" to Plaintiff leaning against the rear wall in this area and further informed Plaintiff that Plaintiff "could sit down in the adjoining seating immediately adjacent to the location for 'persons with mobility impairments.'" *Id.* ¶¶ 21, 22. Plaintiff sat down in one of the handicapped seats. *Id.* After the pain subsided, Plaintiff returned to his seat. *Id.* ¶ 24.

"During the second half of the Game, Plaintiff experienced another painful, bout of muscle spasms[.]" *Id.* ¶ 25. "Plaintiff returned to the prior location marked for 'persons with mobility impairments.'" *Id.* ¶ 26. Relying upon signage and the prior authorization by the Elite employee, Plaintiff returned to the area marked for "persons with mobility impairments" and attempted to stretch his leg to abate the spasms. *Id.* ¶¶ 26–27. Although he was unaware at the time, Plaintiff was "in the midst of a diabetic crisis" in which his blood pressure was elevated and his blood sugar had risen to 400. *Id.* ¶ 28. Plaintiff sat down in one of the disabled seats in an attempt to alleviate the pain in his leg and back. *Id.* ¶ 29. Defendant Barbara Johnson, an Elite employee, approached Plaintiff and asked if he had a ticket for the seat. *Id.* ¶ 30. "Plaintiff explained that his seat was 18 inches away and that he sat in the otherwise empty mobility impaired patron area to attempt to alleviate his medical issue as permitted by the sign." *Id.* Plaintiff explained that he was in extraordinary pain and "was diabetic in distress." *Id.* Defendant Barbara Johnson ordered Plaintiff out

of his seat and refused to listen or look when he stated that he was disabled and offered to show her paperwork establishing his disabled status. *Id.*

Plaintiff walked to the rear wall to perform stretches and physician-advised movements to alleviate his pain. *Id.* ¶ 31. Barbara Johnson approached Plaintiff again and "informed him he could not stand against the wall, located at the place reserved for persons with mobility impairments." *Id.* Plaintiff requested to see her supervisor and Barbara Johnson returned with Defendant Daniel Johnson, another Elite employee. *Id.* ¶ 31–32.

"Plaintiff explained to Defendant [Daniel Johnson] that Plaintiff was diabetic and in extraordinary pain due to a number of medical problems" and that a prior Elite employee "had previously given him consent and authorization to be in the area for persons with mobility impairments." *Id.* ¶ 33. Daniel Johnson was unsympathetic and informed Plaintiff that he could not stand against the back wall in the area. *Id.* ¶ 34. During this conversation, Barbara Johnson "verbally assault[ed]" Plaintiff which caused him great stress and worsened his diabetic-related medical problems. *Id.*

Defendants Officer Zachary Digioia and Detective Julie Adams, officers of the San Diego Police Department, next arrived at the scene. Plaintiff explained his condition to the Adams and Digioia. Adams asked if Plaintiff needed a paramedic and Plaintiff responded that he did not think so. *Id.* ¶ 35. Digioia "informed Plaintiff he could not sit or stand anywhere except his seat, located thirteen inches away." *Id.* ¶ 36. During this conversation, Barbara Johnson continued to interrupt the conversation "in a belligerent manner" and tried to "agitate and provoke" Plaintiff, Adams, and Digioia. *Id.* ¶ 37. Barbara Johnson "went to extraordinary efforts to badger, harass, and vex Plaintiff, despite his repeated pleas for her to stop." *Id.* ¶ 38.

The paramedics were called to the scene and spoke with Plaintiff but "did not feel Plaintiff needed immediate care[.]" *Id.* ¶ 40. They advise that Plaintiff should call them if he needed additional care. *Id.* "Shortly after the paramedics left, Plaintiff felt light-headed and unstable. He returned to the disabled seat and tried to relax." *Id.* ¶ 41. Plaintiff later learned that he was experiencing hypoglycemia at the time and that his blood sugar was

dangerously elevated. *Id.* Defendant Adams and Defendant Barbara Johnson again informed Plaintiff that he had to leave the area and that they were going to escort him out. *Id.* ¶ 45.

> "Plaintiff feared that he would be assaulted by [Defendant Adams] if he did not move as ordered. Plaintiff stood up, under protest, and followed the police officers to the exterior ring of the stadium. During this walk, Plaintiff reiterated . . . his medical conditions. The POLICE and the staff of Defendant ELITE SHOW SERVICES forcibly escorted Plaintiff from the area, all the while attempting to goad Plaintiff into physical action."

*Id.* ¶ 47. "Plaintiff was told by [Defendant Adams] to stand against the wall, and was ordered to remain there. Plaintiff was not free to leave, and was thereby under arrest." *Id.* ¶ 48. "Plaintiff's condition continued to worsen and Plaintiff explained that he needed to lay down as he was afraid he would collapse." *Id.* ¶ 49. Defendants Barbara Johnson, Digioia, Adams, Atwood, and the staff of Defendant Elite refused to provide Plaintiff with care or allow him to move. Defendant Sergeant Jennifer Atwood, an officer of the San Diego Police Department, told Plaintiff he could sit on the floor. Defendant Atwood informed Plaintiff's wife that he was being detained but did not respond when Plaintiff's wife asked if Plaintiff was being arrested. *Id.* ¶¶ 49–50. Plaintiff informed Defendants Digioia, Adams, and Atwood that his condition was worsening and that he needed immediate medical help but the defendants "refused to let him leave or lie down." *Id.* ¶ 51. Defendant Barbara Johnson continued "badgering" and "taunting" Plaintiff. *Id.* ¶ 53. Defendants Digioia, Adams, and Atwood observed this mistreatment but failed to intervene. *Id.* Another police officer eventually ordered Defendant Barbara Johnson to leave. *Id.* ¶ 54.

The paramedics arrived and "informed Plaintiff that he should be taken to the hospital right away." *Id.* ¶¶ 56–57.

> Plaintiff consented to the proposed medical evacuation and asked for a stretcher on which he could lay down, for fear of fainting or collapsing and causing himself further injury. Instead, another individual arrived with a wheelchair and Plaintiff stated he was in exceptional pain and needed a bed

or stretcher. Unheeding his requests or explanations, Plaintiff was required to ride in the rickety wheelchair and then rolled down, bouncing and jarring the whole time, half a dozen ramps, to the lower level, further aggravating his medical conditions. Rather than evacuate Plaintiff to a hospital, consistent with the recommendations of the paramedics and the scope of Plaintiff's consent, Defendants brought Plaintiff to a physician employed by the Defendants for evaluation.

*Id.* ¶ 57. At the Qualcomm medical office, the Qualcomm Medical Staff doctor refused Plaintiff's requests for a bed, an ambulance, and pain medication. *Id.* ¶¶ 58–60. "Defendant physician detained Plaintiff without his consent." *Id.* ¶ 60.

Plaintiff was wheeled outside where he observed several parked ambulances directly in front of them. Plaintiff asked the QUALCOMM MEDICAL STAFF doctor pushing him about the ambulances. Plaintiff also started filming the encounter, fearful he might pass out. The QUALCOMM MEDICAL STAFF doctor swatted at Plaintiff, trying to take his camera, placing Plaintiff in fear of an immediate, unconsented physical contact.

*Id.* ¶ 61. Plaintiff was transported via golf cart to his car and Plaintiff and his wife "struggled through post-Game traffic" to get Plaintiff to the emergency room. *Id.* ¶ 61–63. Plaintiff was hospitalized for three days in serious condition. *Id.* ¶ 63.

Plaintiff brings the following causes of action: (1) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12182 ("ADA"); (2) denial of civil rights under the Unruh Civil Rights Act ("Unruh Act"); (3) violation of the California Disabled Persons Act, Cal. Civ. Code §§ 54, 54.3; (4) negligence; (5) negligent infliction of emotional distress; (6) negligent hiring; (7) intentional infliction of emotional distress; (8) false imprisonment; (9) false arrest; (10) assault; and (11) battery. *Id.* at 16–32.

## III.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "All factual allegations set forth in the complaint are 'taken as true and

construed in the light most favorable to plaintiffs.'" *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001) (quoting *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotation omitted).

## IV. MOTION TO DISMISS BY ELITE, BARBARA JOHNSON, AND DANIEL JOHNSON

### A. Age Discrimination Under the Unruh Act

Plaintiff brings the cause of action for a denial of civil rights under the California Unruh Act against Defendants Elite, Barbara Johnson, and Daniel Johnson. (ECF No. 32 at 17–18).

7

Defendants Elite, Barbara Johnson, and Daniel Johnson contend that the cause of action under the Unruh Act should be dismissed with regard to any allegations of age-based discrimination because the FAC contains no factual allegations of age-based discrimination by these Defendants. Plaintiff contends that the Unruh Act claim for age discrimination should remain until discovery can be completed because Plaintiff was 62 years of age at the time of the incidents in the FAC and Plaintiff "was—and is still—unaware of whether the Defendants of whom the Elite Defendants conduct business—discriminated against him based on his disability, his age, or both." (ECF No. 55 at 13). Plaintiff contends that he will be prejudiced by premature dismissal of this claim prior to any discovery. *Id.*

California's Unruh Civil Rights Act provides,

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, sexual orientation, citizenship, primary language, or immigration status are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

Cal. Civ. Code § 51(b). The protections of the Unruh Act are "not confined to the enumerated categories in the statute." *Koebke v. Bernardo Heights Country Club*, 115 P.3d 1212, 1219 (Cal. 2005). Rather, these enumerated categories are "'illustrative rather than restrictive.'" *Id.* (quoting *In re Cox*, 474 P.2d 992 (Cal. 1970)). California courts have recognized that age discrimination is prohibited by the Unruh Act. *Ingels v. Westwood One Broad. Servs., Inc.*, 28 Cal. Rptr. 3d 933, 946 (Ct. App. 2005); *Javorsky v. W. Athletic Clubs, Inc.*, 195 Cal. Rptr. 3d 706, 712 (Ct. App. 2015).

In this case, Plaintiff alleges that all Defendants have harassed and discriminated against him on the basis of his age and/or disability in violation of his rights under

California Civil Code section 51.5[2] and section 51(f).[3] (ECF No. 32 at ¶¶ 85, 86). The Court is not required to accept this legal conclusion as true for purposes of a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678. Plaintiff alleges that, at the time of the incidents included in the FAC, he was 62 years of age. (ECF No. 32 at ¶ 15). However, the FAC contains no factual allegations to support any inference that any Elite Defendant discriminated him on the basis of his age. In his opposition to the motion to dismiss, Plaintiff concedes that he "was—and is still—unaware of whether the Defendants—of whom the Elite Defendants conduct business—discriminated against him based on his disability, his age, or both." ECF No. 55 at 13; *see Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). Plaintiff requests that his age discrimination claims be permitted to proceed to the discovery stage prior to any dismissal "because the facts at issue are within the sole control of the Defendants." (ECF No. 55 at 13). However, the Ninth Circuit Court of Appeals and the United States Supreme Court have both determined that a plaintiff must satisfy the pleading requirements of Federal Rule of Civil Procedure 8(a) before proceeding to discovery. *See Iqbal*, 556 U.S. at 678–79 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."); *Twombly*, 550 U.S. at 559 ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case

---

[2] "No business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, or refuse to buy from, contract with, sell to, or trade with any person in this state on account of any characteristic listed or defined in subdivision (b) or (e) of Section 51, or of the person's partners, members, stockholders, directors, officers, managers, superintendents, agents, employees, business associates, suppliers, or customers, because the person is perceived to have one or more of those characteristics, or because the person is associated with a person who has, or is perceived to have, any of those characteristics." Cal. Civ. Code § 51.5(a).

[3] "A violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section." Cal. Civ. Code § 51(f) (footnote omitted).

management."); *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("The Supreme Court has stated, however, that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."). Plaintiff's claim of age discrimination under the Unruh Act is speculative and unsupported by factual allegations. The Unruh Act cause of action is dismissed without prejudice as to Defendants Elite, Barbara Johnson, and Daniel Johnson to the extent it alleges discrimination on the basis of Plaintiff's age.

### B. Negligent Infliction of Emotional Distress

Plaintiff brings the cause of action for negligent infliction of emotional distress against Defendants Elite, Barbara Johnson, and Daniel Johnson. (ECF No. 32 at 22–23). Defendants Elite, Barbara Johnson, and Daniel Johnson contend that negligent infliction of emotional distress is not an independent tort under California law. Plaintiff contends that courts have recognized that freedom from negligent infliction of emotional distress is entitled to independent legal protection and that the FAC alleges sufficient facts to support the cause of action.

In California, "there is no independent tort of negligent infliction of emotional distress." *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 808 (Cal. 1993). "The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." *Id.*; *see also Ragland v. U.S. Bank Nat. Assn.*, 147 Cal. Rptr. 3d 41, 61 (Ct. App. 2012). The Supreme Court of California has allowed recovery for negligent infliction of emotional distress for "serious emotional distress ... [caused by] a breach of duty owed to the plaintiff that is 'assumed by the defendant or imposed on the defendant as a matter of law, or that arises out of a relationship between the two.'" *Burgess v. Superior Court*, 831 P.2d 1197, 1201 (Cal. 1992) (quoting *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 770 P.2d 278, 282 (Cal. 1989)); *see also Lawson v. Mgmt. Activities, Inc.*, 81 Cal. Rptr. 2d 745, 748 (Ct. App. 1999) ("[I]t is more in keeping with the fact that NIED is not a separate doctrine to ask: What are the circumstances under which a plaintiff can recover damages for emotional distress as a matter of the *law of negligence*?").

In this case, Plaintiff pleads a negligence cause of action against all Defendants. (ECF No. 32 at ¶¶ 100–109) and pleads negligent infliction of emotional distress against all Defendants as a separate cause of action (ECF No. 32 at ¶2 110-119). Because negligent infliction of emotional distress is not an independent tort under California law, the Court dismisses the negligent infliction of emotional distress cause of action as to Defendants Elite, Barbara Johnson, and Daniel Johnson. However, Plaintiff is not precluded from seeking to recover emotional distress damages within a negligence cause of action.

### C. Negligent Hiring

Plaintiff brings a negligent hiring cause of action against Defendant Elite. (ECF No. 32 at 23–24). Defendant Elite contends that the negligent hiring claim fails because the FAC lacks factual allegations to establish that any misconduct by Daniel Johnson and Barbara Johnson, employees of Elite, was foreseeable. Further, Defendant Elite contends that the negligent hiring is duplicative of the negligence cause of action. Plaintiff contends that the negligent hiring cause of action is separate from the general negligence cause of action. Further, Plaintiff contends that the FAC pleads that Barbara Johnson and Daniel Johnson "displayed a shocking and disturbing willingness to discriminate against and harass a visibly, elderly, disabled patron" and argues that it is "likely—although unknowable without discovery" that they previously displayed similar conduct. (ECF No. 55 at 24).

"California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee." *Doe v. Capital Cities*, 58 Cal. Rptr. 2d 122, 132 (Ct. App. 1996) (citing *Evan F. v. Hughson United Methodist Church*, 10 Cal. Rptr. 2d 748 (Ct. App. 1992)). "Liability is based upon the facts that the employer knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes." *Id.*; *see also Federico v. Superior Court (Jenry G.)*, 69 Cal. Rptr. 2d 370, 374 (Ct. App. 1997), *as modified on denial of reh'g* (Dec. 8, 1997) ("[A]n employer's duty . . . is breached only when the employer knows, or should know, facts which would warn a reasonable person that the employee

presents an undue risk of harm to third persons *in light of the particular work to be performed*."). "Liability for negligent hiring . . . is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees." *Phillips v. TLC Plumbing, Inc.*, 91 Cal. Rptr. 3d 864, 868 (2009).

Under California law, Defendant Elite may be held liable for negligent hiring if it knew or should have known that Defendants Barbara Johnson or Daniel Johnson were unfit. *See Evan F.*, 10 Cal. Rptr. 2d at 758 ("[A]n employer can be held liable for negligent hiring if he knows the employee is unfit, or has reason to believe the employee is unfit or fails to use reasonable care to discover the employee's unfitness before hiring him."). In this case, Plaintiff alleges "Defendants knew or should have known that Defendants BARBARA JOHNSON, DANIEL JOHNSON, QUALCOMM MEDICAL STAFF 1-3, and the Defendants OFFICER ZACHARY DIGIOIA, DETECTIVE JULIE ADAMS, and SERGEANT JENNIFER ATWOOD were unfit for their positions because of their clear lack of training in managing a customer in severe medical and emotional distress." (ECF No. 32 at ¶ 122). However, Plaintiff fails to plead facts in support of this legal conclusion. The allegations of the FAC are limited to the incident between Defendants and Plaintiff at a football game in November 2016.[4] Plaintiff has not alleged facts sufficient to support a reasonable inference that Defendant Elite knew or should have known that Defendants Barbara Johnson and Daniel Johnson would act in a certain manner with respect to Plaintiff. In his opposition to the motion to dismiss, Plaintiff concedes that he "lacks knowledge regarding . . . the extent to which Defendant Elite Inc. knew about the Johnson Defendants' unfitness for their position." (ECF No. 55 at 24). Plaintiff has not pled factual allegations

---

[4] In opposition to the motion to dismiss, Plaintiff argues that it is "unlikely" that the incident with Plaintiff was the first time Defendants Barbara Johnson and Daniel Johnson "engaged in aggressive conduct towards individuals subject to their authority as security guards." (ECF No. 55 at 22).

1  sufficient to raise a "right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

2  Further, Plaintiff is not entitled to discovery on Defendant Elite's liability for negligent

3  hiring without first stating a claim under Rule 8. *See supra* Part IV.A; *Mujica*, 771 F.3d at

4  593. The negligent hiring cause of action is dismissed without prejudice as to Defendant

5  Elite.

6  **D. Intentional Infliction of Emotional Distress**

7  Plaintiff brings an intentional infliction of emotional distress cause of action against

8  Defendants Barbara Johnson and Daniel Johnson. (ECF No. 32 at 25–27). Defendants

9  Barbara Johnson and Daniel Johnson contend that the intentional infliction of emotional

10  distress cause of action must be dismissed because Plaintiff fails to allege sufficient facts

11  to establish that their conduct was outrageous or "beyond all reasonable bounds of

12  decency." (ECF No. 42-1 at 13). Plaintiff contends that the factual allegations about the

13  "constant harassment" from the Elite Defendants demonstrate extreme and outrageous

14  conduct sufficient to support this cause of action. (ECF No. 55 at 27).

15  To state a claim for intentional infliction of emotional distress, a plaintiff must

16  allege: "(1) extreme and outrageous conduct by the defendant with the intention of causing,

17  or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's

18  suffering severe or extreme emotional distress; and (3) actual and proximate causation of

19  the emotional distress by the defendant's outrageous conduct." *Hughes v. Pair*, 209 P.3d

20  963, 976 (Cal. 2009) (internal quotations and citations omitted). Conduct is "outrageous"

21  if it is "so extreme as to exceed all bounds of that usually tolerated in a civilized

22  community." *Id.* Behavior may be considered outrageous if the defendant "(1) abuses a

23  relation or position which gives him power to damage the plaintiff's interest; (2) knows the

24  plaintiff is susceptible to injuries through mental distress; or (3) acts intentionally or

25  unreasonably with the recognition that the acts are likely to result in illness through mental

26  distress." *Fermino v. Fedco, Inc.*, 872 P.2d 559, 565 (Cal. 1994) (internal quotations and

27  citations omitted).

28

1    Defendants Barbara Johnson and Daniel Johnson both challenge the intentional

2    infliction of emotional distress cause of action on the ground that their alleged conduct was

3    not outrageous or extreme.  The Court concludes that the FAC does not allege sufficient

4    facts to support a plausible inference that Defendant Daniel Johnson's behavior was

5    outrageous or extreme.  The intentional infliction of emotional distress cause of action as

6    to Defendant Daniel Johnson is dismissed without prejudice.

7        However, with respect to Defendant Barbara Johnson, Plaintiff alleges that she went

8    to "extraordinary efforts to badger, harass, and vex Plaintiff, despite his repeated pleas for

9    her to stop." (ECF No. 32 at ¶ 36).  Plaintiff alleges that he repeatedly conveyed to

10   Defendant Barbara Johnson that he was experiencing "extraordinary pain" and was in

11   diabetic distress, but that she continued to harass him.  *Id.* ¶ 30.  Plaintiff alleges that

12   Defendant Barbara Johnson continued to harass him throughout the incident and did not

13   cease until a police officer ordered her to leave.  *Id.* ¶¶ 34, 37–39, 43, 53–54; *see also id.*

14   ¶¶ 129–135.  Assuming the factual allegations of the FAC to be true and viewing the FAC

15   in the light most favorable to Plaintiff, the FAC alleges sufficient facts to support a

16   reasonable inference that Defendant Barbara Johnson exhibited extreme and outrageous

17   conduct.  The motion to dismiss the intentional infliction of emotional distress cause of

18   action as to Defendant Barbara Johnson is denied.

19   **E. False Imprisonment and False Arrest**

20       Plaintiff brings causes of action for false imprisonment and false arrest against

21   Defendants Elite, Barbara Johnson, and Daniel Johnson.  (ECF No. 32 at 27–29).

22   Defendants Elite, Barbara Johnson, and Daniel Johnson contend that the causes of action

23   for false imprisonment and false arrest are redundant. Defendants Elite, Barbara Johnson,

24   and Daniel Johnson contend that the FAC lacks factual allegations to establish that they

25   took any action which "confine[d] [Plaintiff] to a particular location at the stadium." (ECF

26   No. 42-1 at 15).  Defendants Elite, Barbara Johnson, and Daniel Johnson contend that the

27   false imprisonment/arrest claims fail because the alleged confinement took place after the

28   paramedics initially interviewed Plaintiff and shortly before they returned.  Plaintiff

14

contends that pleading in the alternative is acceptable under California and federal law. Further, Plaintiff contends that Barbara Johnson and Daniel Johnson assisted the defendant police officers in confining Plaintiff. Plaintiff contends that Defendant Elite is vicariously liable for the actions of Defendants Barbara and Daniel Johnson.

Under California law, "false arrest and false imprisonment are not separate torts. False arrest is but one way of committing a false imprisonment . . . ." *Asgari v. City of Los Angeles*, 937 P.2d 273, 277 n.3 (Cal. 1997) (internal quotations omitted) (quoting *Collins v. City and Cty. of San Francisco*, 123 Cal. Rptr. 525, 526 (Ct. App. 1975)). To state a claim for false imprisonment, the plaintiff must allege that he was intentionally confined without consent, without lawful privilege, and for an appreciable period of time, however brief. *See Easton v. Sutter Coast Hosp.*, 95 Cal. Rptr. 2d 316, 323 (Ct. App. 2000). To state a claim of false imprisonment based on unlawful arrest, a plaintiff must demonstrate that "there has been an unlawful arrest followed by imprisonment." *City of Newport Beach v. Sasse*, 88 Cal. Rptr. 476, 480 (Ct. App. 1970); *see also Watts v. Cty. of Sacramento*, 256 F.3d 886, 891 (9th Cir. 2001). "All who take part in or assist in the commission of a false imprisonment are joint tort-feasors, and may be joined as defendants without an allegation or proof of a conspiracy." *Oppenheimer v. City of Los Angeles*, 232 P.2d 30, 31 (Cal. Ct. App. 1951); *see also Ramsden v. W. Union*, 138 Cal. Rptr. 426, 430 (Ct. App. 1977) (citations omitted).

Because false arrest and false imprisonment are not separate torts, the Court treats these allegations as one claim. *See Asgari*, 937 P.2d 273; *see also Lowry v. Metro. Transit Sys. Bd.*, No. 09CV898 BTM(WVG), 2010 WL 2382326, at *3 (S.D. Cal. June 10, 2010). Plaintiff alleges that the false imprisonment occurred after a police officer detained him and ordered him to remain standing against a wall in the exterior ring of the stadium. ECF No. 32 ¶¶ 48, 49, 50, 137. Plaintiff alleges that he was not free to leave and was therefore under arrest at this point. *Id.* ¶ 48. Plaintiff does not allege any facts connecting Defendant Daniel Johnson to the alleged confinement. With respect to Defendant Barbara Johnson, Plaintiff alleges only that Barbara Johnson "refused to provide Plaintiff with the requested

care and liberty of movement" after he informed her and unidentified staff of Defendant Elite that he needed to lay down. *Id.* ¶ 49. Although Plaintiff alleges an intentional confinement occurred, Plaintiff fails to allege sufficient facts to support an inference that Defendants Barbara and Daniel Johnson took part in or assisted in the alleged confinement by the police officers. Accordingly, the false imprisonment/false arrest cause of action is dismissed without prejudice as to Defendants Barbara Johnson, Daniel Johnson, and Elite.

## V.    MOTION TO STRIKE BY THE ELITE DEFENDANTS (ECF No. 41)

Defendants Elite, Barbara Johnson, and Daniel Johnson move to strike portions of the FAC requesting punitive damages pursuant to Federal Rule of Civil Procedure 12(f) and California Civil Code § 3294. Defendants Elite, Barbara Johnson, and Daniel Johnson contend that punitive damages are not available for negligence-based actions under California law. Defendants Elite, Barbara Johnson, and Daniel Johnson contend that Plaintiff fails to sufficiently plead oppression, fraud, or malice as required under California Civil Code § 3294(a) to claim punitive damages. Further Defendant Elite contends that Plaintiff has not properly alleged punitive damages against Defendant Elite, a corporate employer, pursuant to California Civil Code § 3294(b).

Plaintiff contends that his punitive damage claims in the FAC are properly supported by facts alleging "truly abhorrent" conduct by Defendant Barbara Johnson and Daniel Johnson. (ECF No. 54 at 6). Plaintiff contends that he alleges malice and oppressive conduct in support of punitive damages under California Civil Code section 3294. Plaintiff contends that the "clear and convincing standard" for pleading "oppression, fraud, or malice" for purposes of seeking punitive damages is not applicable here. *Id.* at 10. Plaintiff contends that Rule 12(f) does not authorize district courts to strike claims for damages on the grounds that such claims are precluded as a matter of law. Plaintiff contends that, although rare, punitive damages can be recoverable in some negligence cases where conscious disregard is alleged. Plaintiff contends that a decision on punitive damages should be left to the trier of fact. Plaintiff contends that a motion to strike is improper where it challenges the sufficiency of factual allegations.

Rule 12(f) provides that "a court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)). Motions to strike are generally disfavored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Neveau v. City of Fresno*, 392 F. Supp. 2d 1159, 1170 (E.D. Cal. 2005) (citing *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339) (N.D. Cal. 1991)). The decision to grant or deny a motion to strike under Rule 12(f) is within the discretion of the court. *See Fogerty*, 984 F.2d at 1528. On a motion to strike, a court views the pleadings in the light most favorable to the non-moving party. *See, e.g.*, *Cal. Dep't of Toxic Substances Control*, 217 F. Supp. 2d at 1033.

The Ninth Circuit Court of Appeals has stated that "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Whittlestone*, 618 F.2d at 974–75 (determining that an argument that lost profits and consequential damages should be stricken as precluded under the law "was really an attempt to have portions of [the] complaint dismissed or to obtain summary judgment"). In this case, Defendants Elite, Barbara Johnson, and Daniel Johnson do not move to strike on the grounds that the material in the FAC is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Instead they argue that punitive damages are precluded as a matter of law and that Plaintiff fails to properly plead his claims for punitive damages. Accordingly, the motion to strike punitive damages is procedurally improper under *Whittlestone*. To the extent these Defendants aim to challenge the legal sufficiency of the FAC, that challenge is properly asserted in a Rule 12(b)(6) motion.[5] *See*

---

[5] In this case, the Court declines to exercise any discretion it may have to construe this motion as a Rule 12(b)(6) motion. *See Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1021 (N.D. Cal. 2009)

*Whittlestone*, 618 F.2d at 974–75. Because Defendants Elite, Barbara Johnson, and Daniel Johnson do not demonstrate that Plaintiff's claims are redundant, immaterial, impertinent, or scandalous, the motion to strike under Rule 12(f) is denied. *See also Pena v. City Chevrolet*, No. 09-CV-2554-IEG RBB, 2010 WL 1172249, at *2 (S.D. Cal. Mar. 23, 2010).

## VI.  MOTION TO DISMISS BY THE CITY DEFENDANTS (ECF No. 37)

### A. Age Discrimination

Plaintiff brings causes of action for a denial of civil rights under the Unruh Act, negligence, and negligent infliction of emotional distress against Defendants Digioia, Atwood, Adams, and the City. (ECF No. 32). As pleaded by Plaintiff, each of these causes of action are premised in part on allegations that Plaintiff was discriminated against on the basis of his age. Defendants Digioia, Atwood, Adams and the City contend that Plaintiff fails to support an age discrimination claim under any cause of action and specifically request that Plaintiff's allegations of age discrimination are struck from Plaintiff's second, fourth, and fifth causes of action. Defendants Digioia, Atwood, Adams, and the City further contend that the Unruh Act does not support a claim for age discrimination.

Plaintiff asserts that he was 62 years old at the time of the events alleged in the FAC and that age "is a highly relevant factor in analyzing Defendants' discriminatory conduct towards Plaintiff." (ECF No. 52 at 12). Plaintiff asserts that he was and remains unaware of whether Defendants discriminated against him based on his disability, age, or both and that these allegations should not be dismissed until Plaintiff can conduct discovery. Plaintiff contends that the Unruh Act includes protection against age discrimination.

Plaintiff is not prohibited from bringing an Unruh Act claim on the basis of age discrimination. *See Ingels*, 28 Cal. Rptr. 3d at 946 ("Based on the foregoing authority, we

---

("However, where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, a court may convert the improperly designated Rule 12(f) motion into a Rule 12(b)(6) motion."). Defendants Elite, Barbara Johnson, and Daniel Johnson have filed a motion to dismiss under Rule 12(b)(6) in which they do not challenge the claims for punitive damages. Further, no party has requested that the Court analyze this motion under Rule 12(b)(6).

have no trouble concluding that arbitrary age discrimination is prohibited by the [Unruh] Act."); *Javorsky*, 195 Cal. Rptr. 3d at 712 ("[T]here is no dispute that California courts have applied the Unruh Act to discrimination based on age."). However, Plaintiff's allegations of age discrimination in the FAC are legal conclusions unsupported by sufficient factual allegations to state a plausible claim to relief. *See* ECF No. 32 at ¶¶ 85, 86, 94, 101, 111. Further, Plaintiff is not entitled to discovery if the FAC fails to state claim to relief that satisfies the pleading standards of Rule 8. *See supra* Part IV.A; *Twombly*, 550 U.S. at 559; *Mujica*, 771 F.3d at 593. The negligence, the negligent infliction of emotional distress, and Unruh Act cause of action are dismissed without prejudice as to Defendants Digioia, Atwood, Adams, and the City to the extent they are premised on allegations of age discrimination.

### B. Common Law Torts

Defendant City moves to dismiss the negligence, negligent infliction of emotional distress, and negligent hiring causes of action against Defendant City. Defendant City assert that under California law a governmental entity can only be sued in tort pursuant to statutory authority. Defendant City contends that Plaintiff fails to state a claim against Defendant City for negligence, negligent infliction of emotional distress, and negligent hiring because he fails to allege any statutory duty. [6]

Plaintiff contends that he provided sufficient statutory support for his common law tort claims against Defendant City. Plaintiff asserts that he brings his claims under California Government Code section 12948 and does not bring his claims under common law. Plaintiff contends that Defendant City is liable to Plaintiff pursuant to California Government Code 815.2 and 815.4 because "in exercising ownership and operational control over Qualcomm Stadium, Defendant City is vicariously responsible for the conduct

---

[6] Plaintiff brings the negligence and negligent infliction of emotional distress causes of action against Defendants Adams, Atwood, and Digioia as well. Defendants Adams, Atwood, and Digioia do not move to dismiss the common law torts claims against them on the grounds discussed in this subsection.

of its employees at Qualcomm, such as the Defendant Officers." (ECF No. 52 at 14).

Plaintiff contends that Defendant City may be liable for failing to perform duties under the ADA, the Unruh Act, and the California Disabled Persons Act pursuant to California Government Code section 815.6. Plaintiff contends that Defendant City owed Plaintiff a duty to provide medical aid and is vicariously liable for the Defendant Officers failure to do so.

The California Tort Claims Act provides: "Except as otherwise provided by statute: (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815(a). "[T]he intent of the Tort Claims Act is to confine potential liability, not expand it." *Eastburn v. Reg. Fire Prot. Auth.*, 80 P.3d 656, 658 (Cal. 2003) (citing *Zelig v. Cty. of Los Angeles*, 45 P.3d 1171 (Cal. 2002)).

Government Code section 815.6 provides,

> Where a public entity is under a mandatory duty imposed by an enactment that is designed to protect against the risk of a particular kind of injury, the public entity is liable for an injury of that kind proximately caused by its failure to discharge the duty unless the public entity establishes that it exercised reasonable diligence to discharge the duty.

Cal. Gov't Code § 815.6. Accordingly, "all governmental tort liability is dependent on the existence of an authorizing statute or 'enactment.'" *Searcy v. Hemet Unified High Sch. Dist.*, 223 Cal. Rptr. 206, 208–09 (Ct. App. 1986) (citing Gov. Code §§ 815(a), 815.6). "[T]o state a cause of action every fact essential to the existence of statutory liability must be pleaded with particularity, including the existence of a statutory duty." *Id.* at 212. "Since the duty of a governmental agency can only be created by statute or 'enactment,' the statute or 'enactment' claimed to establish the duty must at the very least be identified." *Id.* "To qualify for the exception, a plaintiff must establish (1) the existence of an enactment that imposes a mandatory, not discretionary, duty on the public entity and (2) that the enactment is intended to protect against the particular kind of injury the plaintiff suffered." *Tuthill v. City of San Buenaventura*, 167 Cal. Rptr. 3d 820, 828 (Ct. App. 2014)

(citing *Haggis v. City of Los Angeles*, 993 P.2d 983, 987 (Cal. 2000)). "Section 815.6 'requires that the enactment at issue be *obligatory*, rather than merely discretionary or permissive, in its directions to the public entity; it must require, rather than merely authorize or permit, that a particular action be taken or not taken.'" *Id.* (quoting *Haggis*, 993 P.2d at 987).

California Government Code section 815.2 provides,

> (a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.
> (b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

Cal. Gov't Code § 815.2. Section 815.4 provides,

> A public entity is liable for injury proximately caused by a tortious act or omission of an independent contractor of the public entity to the same extent that the public entity would be subject to such liability if it were a private person. Nothing in this section subjects a public entity to liability for the act or omission of an independent contractor if the public entity would not have been liable for the injury had the act or omission been that of an employee of the public entity.

Cal. Gov't Code § 815.4.

In this case, Defendant City moves the Court for an order dismissing Plaintiff's causes of action for negligence, negligent hiring, and negligent infliction of emotional distress because they are common law tort claims from which Defendant City is immune in the absence of an authorizing statute or enactment. Plaintiff first argues that section 815(a) has no application because he brings his claims under California Government Code section 12948 rather than the common law. (ECF No. 52 at 13). However, the FAC does not reference section 12948 in connection to these three challenged causes of action. *See* ECF No. 32 at ¶¶ 90–128. The negligent infliction of emotional distress, negligence, and

negligent hiring cause of action seek to hold Defendant City liable in tort. The California Tort Claims Act is applicable.

Under section 815.6 of the California Government Code, Defendant City is not immune from tort liability if there is an authorizing statute or enactment which imposes a mandatory duty on Defendant City and is intended to protect against the type of injury suffered by Plaintiff. *See Tuthill*, 167 Cal. Rptr. 3d at 828. However, Plaintiff must plead every fact essential to the existence of statutory liability and specifically identify the statutory duty in order to fall within this exception. *See Searcy*, 223 Cal. Rptr. at 208–09. In the FAC, Plaintiff does not reference section 815.6 in connection with any of these causes of action. Further, Plaintiff does not provide sufficient facts in the FAC to establish the existence of a statutory duty owed by Defendant City or identify with particularity the statute or enactment that establishes a duty and permits these tort causes of action against Defendant City. *See Searcy*, 223 Cal. Rptr. at 208–09.

Plaintiff additionally contends that Defendant City is liable to Plaintiff pursuant to California Government Code section 815.2 and section 815.4. (ECF No. 52 at 13). These codes generally provide that a public entity is liable for injury caused by the tortious acts or omissions of its independent contractors or employees to the same extent that the public entity would be subject to such liability if it were a private person. *See* Cal. Gov. Code §§ 815.2, 815.4; *Lloyd v. Cty. of Los Angeles*, 90 Cal. Rptr. 3d 872, 880 (Cal. 2009) ("We recognize that notwithstanding the elimination of common law tort liability for public entities, they remain liable under the doctrine of respondeat superior for the actions of their employees."). However, as currently pleaded, the FAC does not invoke California Government Code section 815.2 or section 815.4 and Plaintiff does not clearly plead his negligence claims under a theory of vicarious liability. The FAC fails to identify the statutory bases upon which liability is premised and lacks sufficient allegations to establish a cognizable theory of liability under section 815.2 or 815.4 against Defendant City. *See C.A. v. William S. Hart Union High Sch. Dist.*, 270 P.3d 699, 703 (Cal. 2012) ("[P]ublic entity tort liability is exclusively statutory.").

Defendant City relies on *McCarty v. State of Cal. Dep't of Transp.*, 79 Cal. Rptr. 3d 777 (Ct. App. 2008) to contend that dismissal of the negligence cause of action should be with prejudice because "a claim of mere negligence will not lie against a public entity." (ECF No. 37-1 at 6). The court in *McCarty* stated that "a public entity cannot be held liable for common law negligence . . . standing alone." *Id.* at 792. This is consistent with California Government Code section 815 which prohibits claims of common law negligence. However, Plaintiff is not precluded from attempting to bring a negligence claim against a public entity pursuant to statutory authority. Accordingly, the causes of action for negligence, negligent infliction of emotional distress, and negligent hiring are dismissed as to Defendant City without prejudice.

## C. False Imprisonment and False Arrest

Plaintiff asserts false arrest and false imprisonment causes of action against Defendants Digioia, Adams, and Atwood. (ECF No. 32 at 27–29). Defendants Digioia, Adams, and Atwood contend that, at a minimum, one of the false arrest and false imprisonment causes of action must be dismissed because they are duplicative. Further, the Defendants Digioia, Adams, and Atwood contend that Plaintiff fails to state a claim for false arrest or false imprisonment because "[t]emporarily waylaying Plaintiff to receive the medical services he requested does not demonstrate an unreasonable intrusion resulting in a de facto arrest." (ECF No. 37-1 at 8).

Plaintiff contends that he properly pleads causes of action for false imprisonment and false arrest and Defendants Digioia, Adams, and Atwood mischaracterize the sequence of events alleged in the FAC. Plaintiff contends that the alleged confinement lasted an appreciable length of time. Plaintiff contends that inconsistent claims or claims in the alternative are permitted.[7]

---

[7] Plaintiff contends that Defendant City is "liable for the false arrest and imprisonment of Plaintiff by the Defendant Officers and the Johnson Defendants." (ECF No. 52 at 27). However, in the FAC, Plaintiff does not bring the false imprisonment and false arrest claims against Defendant City. (ECF No. 32 ¶¶ 136–149).

To state a claim for false imprisonment, the plaintiff must allege that he was intentionally confined without consent, without lawful privilege, and for an appreciable period of time, however brief. *Easton*, 95 Cal. Rptr. 2d at 316; *see also Blankenhorn v. City of Orange*, 485 F.3d 463, 486 n.15 (9th Cir. 2007)). To state a claim of false imprisonment based on unlawful arrest, a plaintiff must demonstrate that "there has been an unlawful arrest followed by imprisonment." *Sasse*, 88 Cal. Rptr. at 480.

Because false arrest and false imprisonment are not separate torts, the Court treats these allegations as one claim. *See Asgari*, 937 P.2d 273; *see also Lowry*, 2010 WL 2382326, at *3. Plaintiff alleges that Defendant Adams told Plaintiff he had to leave the area of the stadium designated for individuals with disabilities and escorted him to the exterior ring of the stadium. Plaintiff alleges that he "feared that he would be assaulted by Defendant DETECTIVE JULIE ADAMS if he did not move as ordered" and "under protest" followed the police officers. (ECF No. 32 at ¶¶ 45, 47). Plaintiff alleges that he was "told by Defendant DETECTIVE JULIE ADAMS to stand against the wall, and was ordered to remain there." *Id.* ¶ 48. Plaintiff alleges that "he was not free to leave, and was thereby under arrest." *Id.* Plaintiff alleges that Defendant Atwood informed his wife that he was being detained. *Id.* ¶ 50. Plaintiff alleges that Defendants Digioia, Adams, and Atwood "refused to let him leave or lie down." *Id.* ¶ 51.

Assuming the factual allegations of the FAC to be true and viewed in the most favorable to Plaintiff, Plaintiff sufficiently alleges that he was arrested and confined without his consent for an appreciable period of time. The motion to dismiss the false imprisonment/false arrest cause of action by Defendants Digioia, Adams, and Atwood is denied.

**D. Battery**

Plaintiff brings the battery cause of action against Defendants Digioia, Adams, and Atwood. (ECF No. 32 at 31–32). Defendants Digioia, Adams, and Atwood contend that the battery cause of action must be dismissed because the FAC lacks factual allegations demonstrating "contact of any kind" between Defendants Digioia, Adams, and Atwood

and Plaintiff. (ECF No. 37-1 at 9). Plaintiff did not address the motion to dismiss with respect to the battery cause of action. *See* ECF Nos. 52, 53 at 8.

"The elements of civil battery are: (1) defendant intentionally performed an act that resulted in a harmful or offensive contact with the plaintiff's person; (2) plaintiff did not consent to the contact; and (3) the harmful or offensive contact caused injury, damage, loss or harm to plaintiff." *Brown v. Ransweiler*, 89 Cal. Rptr. 3d 801, 811 (Ct. App. 2009) (citing *Piedra v. Dugan*, 21 Cal. Rptr. 3d 36, 48 (Ct. App. 2004)). "A harmful contact, intentionally done is the essence of a battery." *Ashcraft v. King*, 278 Cal. Rptr. 900, 903 (Ct. App. 1991).

In support of this cause of action, Plaintiff alleges, "Defendant QUALCOMM MEDICAL STAFF caused Plaintiff to be touched with her swatting at Plaintiff with the intent to hit him to stop recording her callous conduct in failing to treat or respond to his medical conditions." *Id.* ¶ 157. No other defendant is mentioned with respect to the battery cause of action. Plaintiff fails to allege sufficient facts to support a battery cause of action against Defendants Digioia, Adams, and Atwood. The battery cause of action is dismissed without prejudice as to Defendants Digioia, Adams, and Atwood.

### E. Punitive Damages

Defendant City moves to strike the request for punitive damages pursuant to California Government Code section 818. Plaintiff contends that he pleads sufficient facts to support a claim for punitive damages under the Federal Rules of Civil Procedure. Plaintiff acknowledges that Government Code section 818 prohibits a claim of punitive damages against a public entity. However, Plaintiff asserts that section 818 does not preclude punitive damages against public employees and contends that Defendant City "could be responsible for punitive damages levied against its employees" under Government Code section 825(b). (ECF No. 52 at 31).

Section 3294 of the California Civil Code defines the circumstances under which exemplary damages may be recovered. Cal. Civ. Code § 3294. Section 818 of the California Government Code states, "Notwithstanding any other provision of law, a public

entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for punishing the defendant." Cal. Gov't Code § 818.

In this case, Plaintiff seeks punitive damages against Defendant City pursuant to California Civil Code section 3294. (ECF No. 32 ¶¶ 109, 119). Under California Government Code section 818, Defendant City is not liable for punitive damages brought pursuant to Civil Code section 3294. Section 825 of the Government Code authorizes public entities to indemnify public employees for punitive damage awards under certain circumstances but does not allow to directly seek punitive damages against Defendant City. *See* Cal. Gov't Code § 825(b). Plaintiff's claims for punitive damages against Defendant City are dismissed.

## VII. MOTION TO DISMISS AND MOTION TO STRIKE BY DEFENDANT CHARGERS (ECF Nos. 44, 45)

Plaintiff brings causes of action for violations of Title II of the ADA, violations of the Unruh Act, violations of the California Disabled Persons Act, negligence, negligent infliction of emotional distress, and negligent hiring against Defendant Chargers. (ECF No. 32). Defendant Chargers move the Court for an Order dismissing this action with respect to Defendant Chargers on the ground that "there is not a single factual allegation attributing any conduct to the Chargers at all." (ECF No. 45-1 at 3). Defendant Chargers contend that the ADA claim is moot because the Chargers no longer play at Qualcomm Stadium. Defendant Chargers contend that Plaintiff fails to allege sufficient facts to state a claim against Defendant Chargers with respect to the remaining causes of action. Defendant Chargers contend that the declaration and exhibits attached to Plaintiff's response in opposition are improper and insufficient to establish any agency relationship. Further Defendant Chargers contend that Plaintiff fails to allege any fact to support an agency relationship and that discovery is inappropriate where the allegations of the complaint do not give rise to a plausible claim for relief.

17cv2010-WQH-BGS

Plaintiff contends that the FAC "presume[s] an agency relationship between Defendant Chargers, Defendant City of San Diego, Defendants Elite Show Services, Inc. . . . and Defendants Barbara and Daniel Johnson." (ECF No. 57 at 7). Plaintiff asserts that

> Defendant City owns and operates Qualcomm Stadium, the Defendant Chargers leased the stadium from Defendant City owns, and the two had contractual relations with the Elite Defendants for security services during Defendant Chargers's football games. The Elite Defendants, and by agency, the Defendant Chargers are liable for the injuries Plaintiff suffered at their hands.

*Id.* Plaintiff contends that it would be premature to dismiss Defendant Chargers before discovery can be completed. Plaintiff contends that an agreement between Defendant City and Defendant Elite is available online and references another contract between Defendant Chargers and Defendant Elite. Further, Plaintiff asserts "when an employee of Defendant Elite, Inc. engaged in inappropriate conduct at a Chargers game in December 2016, Defendant Chargers issued a statement and apology regarding the employee's conduct." *Id.* at 12. Plaintiff contends that he has alleged an agency relationship between various defendants, including Defendant Chargers.

Plaintiff attaches a declaration and exhibits to his response in opposition to the motion to dismiss. The Court's review is limited to the factual allegations of the FAC and any materials properly subject to judicial notice at this stage in the proceedings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."). Accordingly, the Court does not consider these documents in reaching its conclusion.

Defendant Chargers are identified as a defendant party in the FAC but the FAC contains no factual allegations in support of a theory of liability against the Chargers. *See* ECF No. 32 at ¶¶ 11, 18. Plaintiff contends that he is proceeding on an agency theory to establish the Defendant Charger's liability. The FAC alleges,

> Plaintiff is informed and believes, and on the basis of that information and

17cv2010-WQH-BGS

belief, alleges that at all times mentioned in this complaint, Defendants were the agents and employees of their co-defendants, and in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

(ECF No. 32 at ¶ 13). This conclusory statement is insufficient to establish an agency theory under which Defendant Chargers could be held liable for the events alleged in the FAC. Plaintiff fails to provide sufficient factual content to support a plausible claim to relief against Defendant Chargers. Finally, the Court cannot ignore the deficiencies of the FAC in order to allow discovery on claims against Defendant Chargers; as previously stated, Plaintiff must first allege sufficient factual content such as to satisfy Rule 8. *See supra* Part IV.A; *Twombly*, 550 U.S. at 559; *Mujica*, 771 F.3d at 593. The motion to dismiss filed by Defendant Chargers is granted in its entirety.[8] (ECF No. 45). The motion to strike filed by Defendant Chargers is moot. (ECF No. 44).

## VIII. CONCLUSION

IT IS HEREBY ORDERED that the motion to dismiss filed by the Elite Defendants is GRANTED IN PART and DENIED IN PART. (ECF No. 42). The cause of action under the Unruh Act to the extent it is premised on age discrimination, the false arrest cause of action, the false imprisonment cause of action, and the negligent infliction of emotional distress cause of action are dismissed without prejudice as to Defendants Barbara Johnson, Daniel Johnson, and Elite. The intentional infliction of emotional distress cause of action is dismissed without prejudice as to Daniel Johnson. The negligent hiring cause of action is dismissed as to Defendant Elite.

IT IS FURTHER ORDERED that the motion to strike filed by the Elite Defendants is DENIED. (ECF No. 41).

---

[8] Plaintiff states, "Defendant Chargers correctly point out that Plaintiff failed to plead a violation of the ADA under the proper Title. . . . In that respect, Plaintiff request leave to amend the FAC, so that he may allege a cause of action against Defendant Chargers, and other defendants, for violations of the ADA under the appropriate Title III..." (ECF No. 57 at 13). Any request for leave to file an amended complaint must be made by filing a motion on the docket pursuant to the Local Rules and Judge Hayes' Chamber Rules.

1    IT IS FURTHER ORDERED that the motion to dismiss filed by the City Defendants
2  is GRANTED IN PART and DENIED IN PART. (ECF No. 37).  The negligence cause of
3  action, the negligent infliction of emotional distress cause of action, and the cause of action
4  under the Unruh Civil Rights Act are dismissed without prejudice as to Defendants Digioia,
5  Atwood, Adams, and the City to the extent they are premised on age discrimination.   The
6  causes of action for negligence, negligent infliction of emotional distress, and negligent
7  hiring are dismissed without prejudice as to Defendant City. The battery cause of action is
8  dismissed without prejudice as to Defendants Digioia, Adams, and Atwood.  The claims
9  for punitive damages against Defendant City are dismissed.  The motion is otherwise
10 denied.

11    IT IS FURTHER ORDERED that the motion to dismiss filed by Defendant Chargers
12 is GRANTED. (ECF No. 45).  The FAC is dismissed as to Defendant Chargers without
13 prejudice.

14    IT IS FURTHER ORDERED that the motion to strike filed by Defendant Chargers
15 is DENIED as moot. (ECF No. 44).

16

17 DATED:      6/19/18

**WILLIAM Q. HAYES**
United States District Judge