UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PALLAMARY, individual,<br><br>Plaintiff,<br><br>v.<br><br>ELITE SHOW SERVICES, INC., a California corporation; CITY OF SAN DIEGO, a municipal corporation; OFFICER ZACHARY DIGIOIA, an individual; SERGEANT JENNIFER ATWOOD, an individual; DETECTIVE JULIE ADAMS, an individual; QUALCOMM STADIUM MEDICAL STAFF 1-3, individuals; the CHARGERS FOOTBALL COMPANY, LLC, a California limited liability company; BARBARA JOHNSON, an individual; DANIEL JOHNSON, an individual; and DOES 1 through 30, inclusive,<br><br>Defendants. | Case No.: 17cv2010-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File Second Amended complaint filed by Plaintiff Michal Pallamary (ECF No. 71).

**I.     BACKGROUND**

On December 22, 2017, Pallamary filed a first amended complaint against Defendants Elite, the City of San Diego, Officer Zachary Digioia, Sergeant Jennifer Atwood, Detective Julie Adams, the Chargers Football Company, LLC, Barbara Johnson, Daniel Johnson, Elite Show Services, Inc., Qualcomm Medical Staff 1–3,[1] and Doe defendants. (ECF No. 32). Pallamary brought the following causes of action against all Defendants: (1) violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12182 (ADA); (2) denial of civil rights under the Unruh Civil Rights Act, Cal. Civ. Code §51 et seq. (Unruh Act); (3) violation of the California Disabled Persons Act (CDPA), Cal. Civ. Code §§ 54, 54.3; (4) negligence; (5) negligent infliction of emotional distress. Pallamary brought claims of (6) negligent hiring, against the City of San Diego, Elite, the Chargers, and Does; and (7) intentional infliction of emotional distress against Digioia, Adams, Atwood, Barbara Johnson, Daniel Johnson, and Does. Pallamary brought claims of (8) false imprisonment, (9) false arrest, and (10) assault against Elite, Digioia, Adams, Atwood, Elite, Barbara Johnson, Daniel Johnson, and Does; and (11) battery, against Digioia, Adams, and Atwood.

On June 19, 2018, the Court dismissed the Unruh Act cause of action to the extent it is premised on age discrimination, and the false arrest, false imprisonment, and negligent infliction of emotional distress causes of action as to Barbara Johnson, Daniel Johnson, and Elite; the intentional infliction of emotional distress cause of action as to Daniel Johnson; the negligent hiring cause of action as to Elite; the negligence, negligent infliction of emotional distress, and Unruh Act causes of action as to Digioia, Atwood, Adams, and the City of San Diego to the extent they were premised on age discrimination; the negligence,

---

[1] Defendant Qualcomm Medical Staff 1-3 has not yet appeared in this action and Plaintiff has not filed any proof of service as to this Defendant.

negligent infliction of emotional distress, and negligent hiring causes of action as to the City of San Diego; the battery cause of action as to Defendants Digioia, Adams, and Atwood; the claims for punitive damages against the City of San Diego; and the claims against the Chargers. (ECF No. 63).

The order stated in part: "Any request for leave to file an amended complaint must be made by filing a motion on the docket pursuant to the Local Rules and Judge Hayes' Chamber Rules." (ECF No. 63 at 28). On August 1, 2018, Pallamary filed a Motion for Leave to File a Second Amended Complaint. (ECF No. 71). On August 27, 2018, the Chargers filed a Response in Opposition. (ECF No. 74). On August 29, 2018, Elite, Barbara Johnson, and Daniel Johnson filed a Notice of Non Opposition. (ECF No. 75). On August 31, 2018, Pallamary filed a Reply. (ECF No. 76).

## II. DISCUSSION

Pallamary contends that the motion for leave to amend is brought in good faith, timely, and does not unfairly prejudice Defendants. (ECF No. 71-1, at 19–20). Pallamary contends that the amended complaint "revises the allegations to conform to the current knowledge of facts discovered so far in this case." *Id.* at 20. Pallamary contends that the Chargers "entered into a contract with [Elite], to provide 'nonpolice officer crowd control and security enforcement' for the football games," and that "[p]ursuant to this contract," Elite, Barbara Johnson, and Daniel Johnson "performed duties delegated to them" by the Chargers. *Id.* at 17. Pallamary further contends that the Chargers' predecessor in interest "entered into a contract with" the City of San Diego, "which allowed [the Chargers] to utilize San Diego police officers." *Id.*

The Chargers contend that leave to amend should be denied because the proposed amendments are futile, unduly delayed and unfairly prejudicial to the Chargers, and brought in bad faith. (ECF No. 74, at 7, 18–19). The Chargers contend that Pallamary brings new and preexisting claims against the Chargers without supporting factual allegations and "premised on the same 'facts' known to Plaintiff when he filed his lawsuit a year ago." *Id.* at 6. The Chargers contend that the proposed amendments will "needlessly

increase litigation costs, expand the scope of discovery and, given the delays, harm the Chargers' ability to conduct discovery." *Id.* at 22.

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

371 U.S. 178, 182 (1962); *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed amended complaint until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed

amended pleading until after leave to amend is granted and the amended pleading is filed.").

### III. CONCLUSION

IT IS HEREBY ORDERED that the Motion for Leave to File Second Amended Complaint (ECF No. 71) is granted. No later than seven (7) days from the date this order is issued, Plaintiff may file the proposed second amended complaint attached to the motion.

Dated: September 25, 2018

*[signature]*
Hon. William Q. Hayes
United States District Court